STATE OF NORTH CAROLINA v. BELYNDA MAE MORRIS, JULIA HICKS AND RUSSELL WAYNE IRVING

No. 874SC341

(Filed 3 November 1987)

**1. Prostitution § 3— promoting prostitution of minor—sufficient evidence**
The State's evidence was sufficient to support defendants' conviction of promoting prostitution of a minor in violation of N.C.G.S. § 14-190.18 where it tended to show that defendants told a fifteen-year-old girl "the ropes" about prostitution by advising her not to quote prices, to use a false name if arrested, where to find and take her customers, and to give money she made to one of the defendants so that the male defendant could save it and buy her nice things. Evidence of actual acts of prostitution by the minor was not required to support such a conviction.

**2. Criminal Law § 163— omission from instructions—issue not presented on appeal**

Defendants failed properly to raise on appeal the issue of the court's failure to instruct the jury that defendants must have acted "knowingly" where they made no objection at the trial and do not assert that such omission constituted "plain error."

APPEAL by defendants from *Barefoot, Judge.* Judgments entered 10 December 1986 in Superior Court, ONSLOW County. Heard in the Court of Appeals 28 September 1987.

Defendants were indicted on 4 November 1986 and charged with violating G.S. 14-190.18, promoting prostitution of a minor. Defendants were tried and convicted and each was sentenced to a term of six years in prison. From these judgments, defendants appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Robert G. Webb, for the State.*

*Bailey & Raynor, by Edward G. Bailey, for defendant appellants.*

ARNOLD, Judge.

Defendants first contend that the evidence presented by the State was insufficient as a matter of law to be submitted to the jury. We disagree.

Before the issue of a defendant's guilt may be submitted to the jury, the trial court must be satisfied that substantial evidence has been introduced tending to prove that defendant committed each essential element of the crime charged. *State v. Hamlet,* 312 N.C. 162, 321 S.E. 2d 837 (1984). All of the evidence must be considered in the light most favorable to the State, leaving any contradiction or discrepancies in the evidence to be resolved by the jury. *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). The question for the trial court is whether a reasonable inference of the defendant's guilt may be drawn from the evidence. *State v. Thomas,* 296 N.C. 236, 250 S.E. 2d 204 (1978).

G.S. 14-190.18(a) states "[a] person commits the offense of Promoting prostitution of a minor if he knowingly: (1) Entices, forces, encourages, or otherwise facilitates a minor to participate in pros-

titution." It is clear after careful review of the present case that there was ample evidence of defendants' guilt to submit to the jury.

[1]  The State presented the following evidence: Defendant Irving had given a fifteen-year-old girl his phone number and told her to call him. After she telephoned Irving, he invited her to spend the night at his house, which she did. While there, Irving introduced the minor to defendants Belynda Mae Morris and Julia Hicks. Irving and Morris initiated a conversation with the fifteen-year-old in which Morris and Hicks "told her the ropes" about prostitution. They told her not to quote prices and to use a false name if she was arrested. She was taught that customers could be found at the bus station on Court Street and that she could take her customers to a house on Poplar Street. She was also informed that she was to give Morris, Hicks or Irving the money that she made and that Irving would save the money and buy her nice things.

Defendants argue that since there is no evidence that the minor actually engaged in acts of prostitution that they cannot be convicted under G.S. 14-190.18(a). This argument is totally without merit.

The purpose of G.S. 14-190.18(a) is the protection of minors. Violation of the statute occurs when a party knowingly, "[e]ntices, forces, encourages, or otherwise facilitates" a minor to engage in acts of prostitution. It is the attempt to corrupt a minor with which this statute is concerned. The statute never states or implies that actual acts of prostitution must be committed by the minor. The evidence presented by the State in the case *sub judice* more than sufficiently permits the question of defendants' guilt to be submitted to the jury.

[2]  Defendants also contend that the trial court committed prejudicial error in failing to charge the jury that defendants must have acted "knowingly."

Immediately following the charge to the jury, the trial court asked counsel for defendants, "[d]o you have any corrections or additions to this charge?" Counsel for defendants responded, "[n]one for the defendant, Your Honor."

Defendants did not object to the jury charge at trial and have waived the opportunity to make such an exception on appeal unless such an omission by the trial judge constitutes "plain error." App. R. 10(b)(2). *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983).

Where no action was taken by counsel at trial, the burden is on the party alleging error to establish its right to review by asserting in its brief how the exception is preserved by rule or law or, when applicable, how such error constitutes "plain error." *Id.* Since defendants made no objection at trial and do not assert that the trial court's omission of the term "knowingly" from the jury instruction constituted "plain error," they have failed to properly raise the issue before this Court. *Id.*

No error.

Chief Judge HEDRICK and Judge ORR concur.